## I. N. Beck *v.* Ed. Brown.

[Abstract Kentucky Law Reporter, Vol. 4—437, as Beck v. Brown et al.]

**New Trial for Newly Discovered Evidence.**

The proceedings and report by the processioners being subsequent to the trial between the parties and judgment of the circuit court fixing the boundary of the land, does not constitute newly discovered evidence and even if the report had been made prior to the trial it would not be competent evidence for the want of notice required by law.

APPEAL FROM OWEN CIRCUIT COURT.

November 20, 1882.

OPINION BY JUDGE LEWIS:

There are several reasons, each of itself sufficient, why a new trial in this case was properly refused, and the petition asking it was properly dismissed.

The proceedings and report of the processioners being subsequent to the trial between the parties and the judgment of the circuit court fixing the boundary of the land, did not constitute "newly discovered evidence" in the meaning of the Civ. Code (1876), § 344. Even if the report of the processioners had been made previous to the trial, it would not have been competent evidence, because of the want of notice that is required by law to be given. The proceedings were merely ex parte, affording not even prima facie evidence of the boundary of the land. The evidence was in its character only cumulative of what had been offered at the trial upon the question of boundary, and consequently not such as authorizes a new trial.

The judgment must be *affirmed.*

*T. D. Theobald, for appellant.*

*Strother & Orr, for appellee.*